Under the statute, prior to the amendment of 1892, it was requisite to the maintenance of the action that there should have been possession for three years or more by the plaintiff, or by her and those whose estate she had. Diefendorf *v.* Diefendorf, 43 St. Rep. 384.   Where her husband has been in possession for many years, it was only necessary that the total time of the possession of both should be three years.   Id.   It was not essential that such possession should be, for three years, adverse to the defendant's claim. Id.   Where her husband has been in possession for several years, and between the date of the conveyance from him to her, under which she claimed, and the commencement of the action there has been a period of two years and eight months, the action was held to have been properly brought.   Id.

The amendment of 1891 to §§ 1638 to 1650 inclusive of the Code of Civil Procedure has changed the term of possession from three years to one year.

---

THE PEOPLE OF THE STATE OF NEW YORK, Appellants, *v.* JOHN KIEF, Respondent.

*Court of Appeals, May 5, 1891.*

Affirming 58 Hun, 337.

1. *Evidence.   Conspirators.*—The acts or statements of an alleged conspirator prior to the formation, or subsequent to the termination of the conspiracy, are inadmissible as evidence against his co-conspirators.
2. *Same.   Acquittal.*—The acquittal of a co-defendant, who is charged with the direct commission of the felony, is not competent evidence on the trial of the party, who is charged with abetting in its commission.

Appeal from judgment of the supreme court, general term, fourth department, reversing conviction and judgment

of murder and ordering a new trial in the oyer and terminer of Madison county.

*E. N. Wilson* and *Henry M. Aylesworth,* district attorney, for appellants.

*J. I. Sayles,* for respondent.

GRAY, J.—The defendant John Kief was indicted jointly with Carrie C. Howard for the premeditated killing of her husband, alleged to have been effected by administering to him arsenic upon several occasions in the month of December, 1884. The accused demanded separate trials, and Carrie Howard being first tried was acquitted by the judge. This defendant Kief, however, upon his trial was found guilty as charged in the indictment, and a judgment of conviction of murder in the first degree was rendered against him. Upon an appeal to the general term of the supreme court that judgment was reversed and a new trial ordered, because of the commission of errors of law in the course of his trial. The people have appealed to this court and endeavor to sustain the conviction at the oyer and terminer.

We quite agree with the general term that a new trial should be awarded to this defendant. That court has based its order mainly upon the ground of the erroneous admission of evidence as to certain statements of Carrie Howard made at times prior to October, 1884, and as to certain acts performed by her subsequent to the death of her husband, all of which may have tended, perhaps, to incriminate her, but which certainly could not be made use of in order to inculpate this defendant. He came to work regularly for the deceased sometime in October, 1884, and that was the earliest time when the evidence tends to establish the commencement of the intimacy or of any conspiracy between the two accused.

If the guilt of one of the several defendants, who are jointly indicted for a felony, is sought to be established by evidence showing, or tending to show, a conspiracy between

29

him and the other defendants for the commission of the felonious act, evidence as to acts or statements of the others must be confined to such as were made or done at times when the proofs in the case permit of a belief that a conspiracy existed, and when, therefore, the acts or statements might have been in furtherance of the common design. Whatever may have been said or done by the several persons accused of conspiring to commit the crime before the time when, according to the evidence, the conspiracy was formed, or subsequent to the time when the conspiracy terminated by the accomplishment of the common purpose, or by abandonment, is inadmissible as evidence against the others. 1 Greenl. Ev. § 111, and 3 Id. § 94; and see People *v.* McQuade, 110 N. Y. 307, and authorities there referred to. We need not, I think, discuss this question, inasmuch as the opinion of the general term has sufficiently explained the application of a rule well settled by authority.

This defendant insists that it was error to reject the record of the acquittal of Carrie C. Howard, and that view was taken by one of the learned justices at the general term. Concerning that question we need speak only briefly.

Before the enactment of § 29 of the Penal Code, where a party was indicted as accessory before the fact to a felony, for which another had been indicted as principal, the trial and conviction of the principal were essential to the prosecution of the charge against the accessory. Baron *v.* People, 1 Park. 246; Starin *v.* People, 45 N. Y. 333. The record of the conviction of the principal was, therefore, offered in evidence as a part of the People's case upon the trial of the accessory. It was admitted simply as establishing the fact of a conviction had. Upon the question of guilt, whether of principal or of accessory, the record concluded nothing, for the defendant was not a party to it, and he was at liberty to dispute and disprove it. But with the change effected by the Penal Code, the distinction between principal and accessory disappeared, and thenceforward he who aided,

abetted or counseled in the commission of a crime became equally guilty with him who committed it, and could be indicted, tried and convicted as ᵃa principal. If it is immaterial, therefore, upon the question of his guilt whether a party engaged in the commission of a felony directly committed the crime alleged, or only abetted in its commission, it must be quite immaterial whether one jointly indicted with him for the offense has been acquitted or not. The question of the one defendant's guilt cannot turn upon the establishment of the other's guilt; it is an independent issue to be tried out alone. Because of the changed ° conditions brought about by the Penal Code provisions cited, reasoning upon the previous practice is useless. At present a defendant must go to the jury upon such competent and relevant evidence as tends to prove his guilt, and quite irrespectively of the extrinsic and irrelevant fact that one or more defendants, jointly charged as accomplices, have been acquitted upon their separate trials.

The indictment charged the defendant with the killing of the deceased. The evidence tended to establish that there were opportunities for administering arsenic to the deceased by this defendant, as well as that he may have counseled and abetted Carrie Howard in administering it. If he administered it himself, then the record of Carrie's acquittal was, obviously, immaterial. If he abetted her in poisoning her husband, then the Penal Code makes him as guilty as though he directly did the poisoning. Now the fact that Carrie Howard had been acquitted, or convicted, could not legally prove anything for or against this defendant, for he was not a party to that record. The general principle upon which the admissibility of evidence rests is its relevancy, or its tendency to establish the issue upon trial. Carrie's acquittal would not prove this defendant's innocence of the charge in the indictment. At most it would only prove that, being tried first, for some reason she escaped conviction at the jury's hands.

What the law assured to this defendant was a fair trial upon the charge contained in the indictment, and all such evidence was admissible to prove his guilt which was based upon his own acts or statements; or upon the acts and statements of his alleged accomplice, Carrie Howard, provided that the evidence as to what she said or did was confined to the period of time between the commencement of their intimate relations and the time when the death of their alleged victim occurred.

The order of the general term should be affirmed.

All concur.